1  Lincoln D. Bandlow, Esq. (CA #170449)
   lincoln@bandlowlaw.com
2  **Law Offices of Lincoln Bandlow, P.C.**
   1801 Century Park East, Suite 2400
3  Los Angeles, CA  90067
   Phone: (310) 556-9680
4  Fax: (310) 861-5550

5  Attorney for Plaintiff
   Strike 3 Holdings, LLC

6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  STRIKE 3 HOLDINGS, LLC,              Case Number: 8:19-cv-00334-TJH-SP

12                  Plaintiff,           **MEMORANDUM OF POINTS
                                         AND AUTHORITIES IN
12                                       SUPPORT OF PLAINTIFF'S
                                         SUPPORT OF PLAINTIFF'S
    vs.                                  MOTION TO DISMISS
13                                       COUNTERCLAIM**
    JOHN DOE subscriber assigned IP
14  address 75.58.225.52,               Date:    December 9, 2019
                                        Time:    UNDER SUBMISSION
15                  Defendant.          Place:   Courtroom #9B, 9th Floor
                                        Judge:   Hon. Terry J. Hatter
16

17

18

19

20

21

22

23

24

25

26

27

28                            i

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully submits the following Motion to Dismiss the Counterclaim filed by Defendant John Doe Defendant Subscriber Assigned IP Address 75.58.225.52 ("Motion").

## I.     INTRODUCTION

Defendant's sole counterclaim for a declaratory judgment of non-infringement is deficiently plead and non-justiciable.  Not only are most of the allegations conclusory, Defendant omits allegations of several critical elements. These insurmountable deficits can be explained by the improper reason underlying this action: Defendant reflexively counterclaims for non-infringement because he wants to preserve his ability to move for costs and attorney's fees, but this is not a valid use of a declaratory judgment action, nor is a declaratory judgment action required for Defendant to obtain relief.   This is epitomized in Defendant's complete failure to allege (nor can he) standing.  Indeed, Defendant does not suffer a cognizable injury by this action alone – as the Supreme Court has long held, the burdens of litigation, by themselves, do not create an Article III injury since that would turn standing on its head.  Although Defendant states that there is a reasonable apprehension of future litigation in spite of the preclusive *res judicata* effects this case would have on the copyrights-in-suit, there is simply nothing in the pleadings to support this, and Defendant, again, fails to plead adequate standing under either theory.  For the following reasons, Defendant's counterclaim should be dismissed for want of jurisdiction and for failure to state a claim.

## II.     FACTS

Plaintiff owns the intellectual property to award-winning adult motion pictures, *Declaration of Greg Lansky*, Dkt. 9-2, at ¶¶ 3, 19, which Defendant downloaded and distributed using the BitTorrent network.  Although Strike 3

1  initially did not know Defendant's identity (only his IP address), it petitioned the

2  Court for leave to issue an early subpoena on Defendant's Internet service

3  provider ("ISP"), for the subscriber to IP address 75.58.225.52's name and

4  address, Dkt. No. 9, which the Court granted.  Dkt. No. 13.  The Court's Order

5  included a "limited protective order" permitting Defendant to remain

6  pseudonymous as "John Doe," *id.* at 7–8; *see* Dkt. No. 21, which would allow

7  Strike 3 to investigate its claim and serve process while shielding Defendant from

8  any untoward pressure while Plaintiff determined Defendant's liability.

9       After Strike 3 received Defendant's name and address from his ISP, it

10  investigated the subscriber as well as anyone else who had consistent access to the

11  offending IP address and determined that the subscriber, Defendant, was the

12  infringer.  For example, Plaintiff uncovered that Defendant is interested in

13  animation and illustration and determined that the IP address was also used to

14  download a book on drawing and interpreting animated illustrations, as well as

15  several animated motion pictures.  *See* Dkt. No. 23, at ¶¶ 33–35.  Accordingly,

16  Strike 3 amended its complaint to include Defendant as the party-to-suit (keeping

17  his identity anonymous and under seal), while including this additional

18  information.[1]  *See generally id.*  Defendant filed an Answer to Strike 3's First

19  Amended Complaint ("FAC") on October 8, 2019.  Dkt. No. 25.

20       The Answer in large part denies or avers a lack of "sufficient knowledge"

21  with respect to the allegations in the FAC and raised a single counterclaim for a

22  declaratory judgment of non-infringement.  *Id.*  That counterclaim was largely

23  conclusory and failed to state a claim for relief.  After the Court brought to

24
25  [1] Strike 3 collected further "additional information" that ties the Defendant to the alleged infringement, but has only alleged the amount necessary to satisfy pleading standards to avoid revealing unnecessary personal details about
26  Defendant on the public docket.  *Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822, at *9 (D. Md. Dec. 16, 2014) ("[N]either Rule 8 nor Rule 11
27  requires [Plaintiff] to allege every fact in its possession that could support its claim.").

28                                     2

1 Defendant's attention several issues with the filing, Defendant filed a lengthier
2 amended counterclaim two days later.  Much of the addition is merely surplusage
3 and speculation, succeeding only in curing the procedural deficiencies while
4 failing to address its substantive lack of merit.  *See* Dkt. No. 28. Accordingly,
5 Strike 3 files the present Motion to dismiss this counterclaim.

6 **III.   LEGAL STANDARD**

7       "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests
8 the legal sufficiency of a claim,'" *Pinson v. Prieto*, No. CV 10-811 (PSG)(SPx),
9 2012 WL 7006131, at *3 (C.D. Cal. July 2, 2012) (quoting *Navarro v. Block*, 250
10 F.3d 729, 732 (9th Cir. 2001)), by determining whether Defendant has presented
11 "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*
12 *v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).
13 "A claim has facial plausibility when the plaintiff pleads factual content that
14 allows the court to draw the reasonable inference that the defendant is liable for
15 the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940,
16 173 L. Ed. 2d 868 (2009) (citation omitted).  Hence, a "[d]ismissal for failure to
17 state a claim 'can be based on the lack of a cognizable legal theory or the absence
18 of sufficient facts alleged under a cognizable legal theory.'" *Larsen v. Cty. of*
19 *Riverside*, No. CV 17-1325 (PA)(SP), 2018 WL 3954732, at *2 (C.D. Cal. July 6,
20 2018) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
21 1990)).

22       Defendant's counterclaim, however, cannot rest on "'naked assertion[s]'
23 devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations
24 omitted).  "Threadbare recitals of the elements of a cause of action, supported by
25 mere conclusory statements, do not suffice." *Id.*  "Factual allegations must be
26 enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550
27 U.S. at 555  (citations omitted).  "Where a [counterclaim] pleads facts that are

28                                            3

merely consistent with a [party]'s liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation and internal quotations omitted).

Additionally, "[f]ederal courts are courts of limited jurisdiction" such that it is "presumed that a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Thus, "the burden of establishing the contrary rests upon the party asserting jurisdiction," *id.*, and the subsequent failure to do so must result in a dismissal of that claim. *See Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010); Fed. R. Civ. P. 12(b)(1).

## IV.   ARGUMENT

Defendant's counterclaim for a declaratory judgment of non-infringement is a fruitless gambit. Dkt. No. 26. Although his pleading originally consisted of a single sentence announcing the nature of the counterclaim followed by a brief digression on the purpose underlying their claim (to recover damages), *see* Dkt. No. 25, at 6, Defendant amended his counterclaim to wholesale copy a near identical counterclaim from another case.[2] This amended counterclaim, despite tacking on eight pages of irrelevant allegations to the original counterclaim,

---

[2] *See Strike 3 Holdings, LLC v. Doe*, No. CV 17-01731-TSZ, ECF No. 32 (W.D. Wash. May 1, 2018). The defendant in that case also counterclaimed for abuse of process. The Court has not yet ruled on Strike 3's argument that Defendant does not have standing to bring his claim for declaratory relief, however, the Court granted summary judgment in Strike 3's favor regarding the counterclaim for abuse of process, holding that both of the defendant's theories of Strike 3's perceived misrepresentations "do not an abuse-of-process claim make," and that Strike 3's "allegedly improper discovery efforts" "likewise cannot form the basis of an abuse-of-process claim." *Strike 3, LLC v. Doe*, No. CV 17-1731 TSZ, 2019 WL 2921784, at *2 (W.D. Wash. July 8, 2019). *See* ECF No. 178.

1   continues to suffer from the same insurmountable pleading defects as Defendant's

2   original effort.  This warrants dismissal.

3   **A. Defendant's Dislike of this Litigation Does Not Form Grounds for A**

4   **Declaratory Judgment Action**

5   **1.  Defendant Fails to Plead a Counterclaim for Relief**

6   **a.  *Defendant Has Failed to Plead a Substantive Cause of***

7   ***Action***

8   Defendant's counterclaim fails to plead the elements required for

9   declaratory relief.  The Declaratory Judgment Act provides that "[i]n a case of

10  *actual controversy* . . . any court of the United States, upon the filing of an

11  appropriate pleading, may declare the rights and other legal relations of any

12  interested party seeking such declaration . . . ."  28 U.S.C. § 2201(a) (emphasis

13  supplied).  "This statute does not create new substantive rights, but merely

14  expands the remedies available in federal courts."  *Shell Gulf of Mexico Inc. v.*

15  *Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (citing

16  *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853

17  (9th Cir. 2011)).

18  Thus, "declaratory relief under the Declaratory Judgment Act is not a cause

19  of action in and of itself," and "a request for declaratory relief can only withstand

20  a motion to dismiss if one of the substantive causes of action survives such a

21  motion."  *Gilliam v. Bank of Am., N.A.*, No. CV 17-1296 (DOC)(JPRx), 2018 WL

22  6537160, at *16 (C.D. Cal. June 22, 2018) (collecting cases).  While some courts

23  will dismiss a counterclaim for declaratory relief outright, *see e.g.*, *Rosenfeld v.*

24  *JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010), others

25  analyze whether there is an independent basis to support relief.  *See e.g.*, *Gilliam*,

26  No. CV 17-1296 (DOC)(JPRx), 2018 WL 6537160 at *17.

27

28

5

### b. *Defendant Has Failed to Plead a Case and Controversy and an Adverse Legal Interest*

Declaratory relief is only available where "there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 770, 166 L. Ed. 2d 604 (2007)  (emphasis supplied).  Relief may be warranted "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (citation omitted).

On the pleadings themselves, Defendant's counterclaim is wanting. Defendant conclusively states that "[a] case and controversy exist between [Strike 3] and [Defendant] regarding the alleged infringement" without further explanation of just what this "controversy" is.  Dkt. No. 28, at ¶ 21; *see also id.* at ¶ 29 (alleging conclusively that Defendant "has been damaged as a result of [Strike 3]'s aggressive actions").  This is the exact kind of talismanic pleading the Supreme Court disavowed because it fails to clear plausibility's hurdle and provide Plaintiff with adequate notice of the relief sought.  *See Iqbal*, 556 U.S. at 678.  Even more concerning, Defendant's counterclaim "neither (1) adequately alleges that the parties have 'adverse legal interests' nor (2) adequately alleges that the controversy is of 'sufficient immediacy and reality to warrant declaratory relief.'"  *Manning v. Dimech*, No. CV 15-5762 (RSWL)(PJWx), 2015 WL 9581795, at *4 (C.D. Cal. Dec. 30, 2015).  In fact, it does not allege these elements at all.

All that Defendant alleges is that he did not infringe Strike 3's copyrights, *see* Dkt. No. 28, ¶¶ 22–24, and that "[a]bsent a declaration of non-infringement

6

[Defendant] has an objectively reasonable apprehension of becoming the target of another lawsuit on the claims alleged here, or similar claims by this Plaintiff." *Id.* at ¶ 26.  But a mere denial of liability does not warrant declaratory relief because it is part and parcel with Defendant's denial of Strike 3's allegations in his Answer.  *See UMG Recordings, Inc. v. DivX, Inc.*, No. CV 7-6835 (AHM)(AJWx), 2008 WL 11338802, at *4 (C.D. Cal. Aug. 22, 2008) (dismissing "redundant" counterclaim where defendant had already denied liability); *see also Malibu Media, LLC v. Doe*, No. CV 14-821, 2015 WL 471010, at *1 (S.D. Ohio Feb. 4, 2015), *aff'd sub nom. Malibu Media, LLC v. Ricupero*, 705 F. App'x 402 (6th Cir. 2017) (holding redundant counterclaims do not "compl[y] with minimum pleading requirements") (brackets omitted).  If any denial of a plaintiff's claim automatically laid the groundwork for declaratory relief, that approach would render much of the Act, including its Article III proscription, superfluous.  *See Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 1566, 173 L. Ed. 2d 443 (2009) (citations omitted) (noting "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant").  Moreover, "courts have dismissed declaratory judgment claims as unnecessary when there are adequate forms of remedy at law available." *Johnson v. Quality Loan Serv. Corp.*, No. CV 18-9140 (VAP)(JEMx), 2018 WL 6978196, at *15 (C.D. Cal. Dec. 18, 2018) (collecting cases).  Here, Defendant's liability will be established by Strike 3's claim at law for copyright infringement, rendering declaratory relief unnecessary.[3]  *See Dinh v.*

---

[3] This is similar to the "mirror-image" doctrine. That doctrine teaches that when a court has jurisdiction over a request for declaratory relief, and when it is weighing whether it should exercise its jurisdiction under the Declaratory Judgment Act (which is not mandatory), if a defendant's counterclaim is factually and legally identical to plaintiff's claim, that tilts in favor of striking or dismissing the redundant counterclaim. *See Commonwealth Land Title Ins. Co. v. PMC Bancorp*, No. CV 12-4754 (SVW)(FMOx), 2012 WL 12887831, at *3 (C.D. Cal.

1  *Citimortgage, Inc.*, No. CV 12-1502 (DOC)(RNBx), 2013 WL 12124101, at *5
2  (C.D. Cal. Apr. 24, 2013).

3        More significantly, Defendant's allegation that he "has an objectively
4  reasonable apprehension" that Strike 3 *may* bring some future lawsuit, which
5  *might* vaguely involve the copyrights-in-suit, or other copyrights, falls well short
6  of the *Twombly/Iqbal* standard and is completely nonsensical given that Plaintiff
7  is currently suing him in this action.  "Here [Defendant] do[es] not live in fear of a
8  potential suit; [he is] already obliged to defend against one."  *Englewood Lending*
9  *Inc. v. G & G Coachella Investments, LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal.
10 2009) (citation omitted).  The sheer possibility that Strike 3 may file additional
11 claims for copyright infringement does not render future litigation plausible, nor
12 does Defendant explain why he believes he has a reasonable belief that *he* will be
13 involved in some future litigation, when the claim is being adjudicated in this
14 action.

15       Defendant's barebones counterclaim for a declaration of non-infringement
16 is not properly plead, does not allege several of the essential elements, and thus
17 fails to state a claim for relief.

18           **2.  Defendant's Policy Justifications Are Mistaken**

19       Despite the complete inadequacy of his pleadings, Defendant reveals the
20 real reason he counterclaims for declaratory relief in his Answer: "The purpose of
21 this is to aid Defendant in recovering its Attorney Fees, costs and damages when

22 _____

23 Dec. 19, 2012).  These requests do not serve a useful purpose and "will be
   rendered moot by the resolution of [Plaintiff]'s rights under its own cause of
24 action."  *Id.*; *see also Pettrey v. Enter. Title Agency, Inc.*, No. CV 5-1504, 2006
   WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006) ("In the past, mirror-image
25 declaratory judgment counterclaims served the purpose of preventing tactical
   dismissals by plaintiffs. However, in light of the protections of current Rule 41(a)
26 this is less likely to occur, so long as the plaintiffs' claims and the defendants'
   counterclaims are truly identical.").
27
28                                    8

1   Plaintiff realizes it cannot prove infringement, and is forced to dismiss their case."
2   Dkt. No. 25, at 6.  Yet this policy justification misapprehends the nature of
3   declaratory relief and does not breathe new life into the defunct counterclaim.
4       "A declaratory judgment offers a means by which rights and obligations
5   may be adjudicated in cases that have not reached a stage at which either party
6   may seek a coercive remedy and in cases where a party who could sue for
7   coercive relief has not yet done so."  *Kidd v. Am. Reliable Ins. Co.*, No. CV 15-
8   1720 (CJC)(KESx), 2016 WL 4502459, at *3 (C.D. Cal. Aug. 23, 2016) (quoting
9   *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996)).  "The
10  Declaratory Judgment Act helps potential defendants avoid a multiplicity of
11  actions by affording an adequate, expedient, and inexpensive means for declaring
12  in one action the rights and obligations of the litigants."  *Id.* (citation omitted).
13  But "a court cannot grant declaratory relief if the dispute between the parties is
14  hypothetical or the rights at issue are merely speculative."  *James River Ins. Co. v.
15  Glaeser Builders*, No. CV 15-01886 (SJO)(AS), 2015 WL 12830393, at *1 (C.D.
16  Cal. Dec. 28, 2015) (citation omitted); *see also MedImmune*, 549 U.S. at 127.  As
17  a result, Defendant's strange request is not legal or conceptual fit for declaratory
18  relief.
19      To be sure, there is some support for Defendant's policy consideration in
20  this Circuit found in *Malibu Media, LLC v. Doe*, No. CV 15-4441 (WHA), 2016
21  WL 3383758 (N.D. Cal. June 20, 2016), but, respectfully, that order misapplied
22  the law and ignored alternative protections afforded to defendants.  In that case,
23  although the court held that the defendant's counterclaim for a declaration of non-
24  infringement was "duplicative of his denial of liability,"  it found that the plaintiff
25  would not be unduly prejudiced by allowing the counterclaim to proceed.  *Id.* at
26  *2.  The Court further explained that the counterclaim should endure to prevent
27  the plaintiff from dismissing the case and leaving the defendant holding the bag:

28

9

1

2     Malibu Media's motion seems more like a gimmick designed to allow
      it an easy exit if discovery reveals its claims are meritless.  Section 505
3     of Title 17 of the United States Code provides that a "prevailing party"
      may be awarded attorney's fees in a copyright infringement action;
4     however, when a copyright plaintiff voluntarily dismisses a claim
      without prejudice, the defendant is not a prevailing party.  *Cadkin v.*
5     *Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009).  Absent defendant's
      counterclaim, if events reveal that this case is meritless, Malibu Media
6     could voluntarily dismiss its affirmative claims without prejudice
7     under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If,
      however, defendant's counterclaim remains alive, he will be able to
8     press his counterclaim.

9

10  *Id.*

11        This rationale, however, does not stand up to scrutiny.  *Cf. Ricupero*, 705 F.

12  App'x at 407 (holding the district court properly dismissed declaratory judgment

13  counterclaim in a similar BitTorrent action).  Indeed, the policy aim in *Malibu*

14  *Media* does not account for the inadequacy of Defendant's pleadings, which, here,

15  have failed to state a claim and establish subject-matter jurisdiction.  *Infra.*  Both

16  deficiencies, particularly the latter, are fatal to the counterclaim regardless of

17  whatever potential safeguards allowing it to continue would provide.  This case

18  simply does not raise the specter of a "scarecrow" copyright that declaratory relief

19  was designed to combat. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S.

20  83, 96, 113 S. Ct. 1967, 1975, 124 L. Ed. 2d 1 (1993)  These concerns are further

21  offset by the safeguards inherent in the Copyright Act and Federal Rules of Civil

22  Procedure.

23              *a.  Attorneys' Fees are Available to a Prevailing Party*

24              *Notwithstanding a Counterclaim for Declaratory Relief*

25        Just four days prior to the *Malibu Media* order, the Supreme Court issued

26  its ruling in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 195 L. Ed. 2d

27

28                                          10

368 (2016).[4]  That case clarified that, under Section 505, "a court may not treat prevailing plaintiffs and prevailing defendants any differently . . . ." *Id.* at 1985. Hence the courts are to weigh the "reasonableness" of the prevailing and losing parties' litigation positions and conduct holistically when determining whether an award of costs and fees is appropriate.  And, even if a party's position is reasonable, but it acts improperly while litigating, the Court may award costs and fees against the malfeasant party.  *Id.* at 1988–89.  This flexible approach renders Defendant's *a priori* safeguard unnecessary and inapt.  The Ninth Circuit, too, has affirmed "individual cases . . . deserve to be judged on their own merits and not saddled with a blanket indictment against peer-to-peer copyright litigation." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1038 (9th Cir. 2018). Although Strike 3 has conducted itself appropriately throughout this and all its other cases, Section 505 allows the Court to award costs and fees against it regardless of Defendant's counterclaim for declaratory relief, in the event it determines such an award is appropriate.

### b. The Federal Rules Already Prevent Strike 3 from Committing any of the Bad Acts Speculated on in the Malibu Media Order

The Supreme Court has cautioned that "[c]ourts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns." *See Jones v. Bock*, 549 U.S. 199, 200, 127 S. Ct. 910, 912, 166 L. Ed. 2d 798 (2007) (citation omitted); *see also* Fed. R. Civ. P. 57.  This is especially true where the Federal Rules already have provisions for effectuating the *Malibu Media* court's policy concerns and thus eliminating the perceived need for Defendant's counterclaim.

Under Rule 41, Strike 3 may only unilaterally dismiss its claim before Defendant serves an answer or motion for summary judgment.  Fed. R. Civ. P.

---

[4]  The *Malibu Media* order did not discuss *Kirtsaeng*'s holding.

11

41(a)(1)(A)(i).  Defendant has served his Answer.  Dkt. No. 25.  Thus, even if Plaintiff wanted to dismiss its claim, it can now only do so with Defendant's express assent, *id.* at 41(a)(1)(A)(ii), or "by court order[] on terms that the court considers proper."  *Id.* at 41(a)(2).  This means that Defendant or the Court could impose whatever terms either deemed appropriate as a condition to dismissal depending on the individual merits and circumstances of the case.  Again, no counterclaim for declaratory judgment is required to preserve this mechanism since it has automatically attached to this litigation with the filing of Defendant's Answer.  *Am. Soccer Co. v. Score First Enterprises, a Div. of Kevlar Indus.*, 187 F.3d 1108, 1112 (9th Cir. 1999) (citation omitted) (describing filing an answer to lock in the litigation as a "simple step"),

Finally, Rule 11 provides another "robust safeguard[]" to ensure parties will litigate reasonably (or owe the wronged party expenses).  *Strike 3 Holdings, LLC v. Doe*, No. CV 18-02019-YGR, ECF No. 29, at *6 (N.D. Cal. Sep. 14, 2018).

> Under Rule 11, Plaintiff has an obligation to make allegations in good faith and is prohibited from bringing claims "for any improper purpose" and must certify that "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). * * * The Ninth Circuit's recent decision in *Cobbler Nevada, LLC v. Gonzalez*, 2018 WL 4055766 (9th Cir. Aug. 27, 2018) ensures that Plaintiff will not be able to rely on a bare allegation that Defendant is the registered subscriber of the IP address associated with infringing activity.

*Id.* at *6–7; *see Strike 3 Holdings, LLC v.* Doe, No. CV 18-2637 (MCE)(CKD), 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019).  Rule 11 also provides for sanctions against any party the violates its precepts.  *See* Fed. R. Civ. P. 11(c).  All this to say that all of the policy concerns expressed in *Malibu Media* are already sufficiently covered by the Federal Rules.  A counterclaim for declaratory relief is

12

1  unnecessary, and the Court should not twist the law to accommodate this

2  unnecessary and inappropriate counterclaim.

3    **B. Defendant's Counterclaim for Declaratory Relief is Non-Justiciable**

4    Finally, the shortcomings in Defendant's counterclaim go beyond pleadings

5  and policy as Defendant lacks standing to request this relief because he has not

6  suffered a cognizable injury.  "The Declaratory Judgment Act does not by itself

7  confer federal subject-matter jurisdiction," *N. Cty. Commc'ns Corp. v. California*

8  *Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010) (citation omitted),[5] and

9  Defendant must assure the Court that "*an independent basis* of federal subject

10 matter jurisdiction exists . . . ." *Ford v. Reynolds*, 326 F. Supp. 2d 392, 404

11 (E.D.N.Y. 2004), *aff'd*, 167 F. App'x 248 (2d Cir. 2006) (citation omitted)

12 (emphasis added).  Borrowing its jurisprudence from Article III, the Act demands

13 a "controversy," *see Societe de Conditionnement en Aluminium v. Hunter Eng'g*

14 *Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (citation omitted), which requires

15 Defendant "have standing to assert [his] claims."  *W. Min. Council v. Watt*, 643

16 F.2d 618, 623 (9th Cir. 1981); *see also Trustgard Ins. Co. v. Collins*, No. CV 18-

17 2187, 2019 WL 5700355, at *3 (4th Cir. Nov. 5, 2019) (citation omitted) (noting

18 standing "ensure[s] that [courts] do not exceed the limits of Article III judicial

19 power").  Thus, Defendant "bears the burden of establishing standing . . . ."  *See*

20 *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412, 133 S. Ct. 1138, 1148, 185 L.

21

22    [5] Defendant's blanket statement that his "counterclaim is brought pursuant to 28
23 U.S.C. § 2201" and as a result, "[t]his Court is thereby vested with subject matter
   jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)" is inaccurate. Dkt. No. 28,
24 at ¶ 4.  Again, subject-matter jurisdiction is informed by the existence of a case or
   controversy between the parties concerning the relief sought.  Plaintiff's claim does
25 not purchase a two-way ticket for Defendant; just because Strike 3's litigation does
26 confer subject-matter jurisdiction for its claim, does not automatically confer
   subject-matter jurisdiction for Defendant's counterclaim. This would radically
27 broaden the scope of the Declaratory Relief Act and run afoul of Article III.

28                                         13

Ed. 2d 264 (2013) (citation and internal quotation omitted).  "Absent a . . . controversy," and its concomitant standing,  "a [counterclaim] solely for declaratory relief . . . will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted).

To show that he has standing, Defendant must present "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'"  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014) (citation omitted).  Defendant has failed to do this.  There is no injury-in-fact in Defendant's counterclaim, which is "the '[f]irst and foremost' of standing's three elements."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).  "To establish injury in fact, [Defendant] must show that he . . . suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Id.* (citation and internal quotations omitted).  But none of Defendant's theories fit the bill. Defendant attempts to define his injury as: (1) having to defend against Strike 3's claim for infringement; and (2) potentially having to defend against some future litigation.  Neither of these allegations are enough to demonstrate an actual injury necessary to confer standing.

First, although Defendant improperly characterizes this case as "copyright trolling," he fails to allege any actual misconduct on Strike 3's part, aside from ad hominem attacks.  *See e.g. Strike 3 Holdings, LLC v. Doe*, No. CV 18-16593 (MAS), 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019) (finding no evidence "that Plaintiff has or plans to engage in such abusive litigation tactics"); *Strike 3*

14

*Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) (finding such conclusory statements baseless because "there is nothing … to suggest that Strike 3 is doing anything other than taking the proper steps to enforce what it deems to be valid copyrights.").  If Defendant could have alleged that Strike 3 acted improperly in this litigation, he could have counterclaimed under some theory of tort.  Instead, since no there is no such misconduct here, Defendant has elected to pursue vague request for declaratory relief.

Indeed, Defendant concedes his counterclaim is solely designed to recoup his costs and fees in this copyright infringement dispute.  *See* Dkt. No. 25, at 6. *But see supra* (discussing how costs and fees are available to Defendant without his counterclaim for declaratory relief).  Yet, "it has long been established that such costs standing alone are insufficient to confer Article III standing." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 866–67 (9th Cir. 2017).  "Obviously . . . [Defendant] cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107, 118 S. Ct. 1003, 1019, 140 L. Ed. 2d 210 (1998); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 1255, 108 L. Ed. 2d 400 (1990) (citing *Diamond v. Charles*, 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1707–08, 90 L.Ed.2d 48 (1986)); *McQuiston v. City of Los Angeles*, 560 F. App'x 684, 686 (9th Cir. 2014). "[A] case or controversy sufficient to confer Article III jurisdiction exists only when succeeding in the litigation will afford 'the plaintiff *some other benefit besides reimbursement of costs that are a byproduct of the litigation itself*.'" *Bayer*, 861 F.3d at 867 (citation omitted) (emphasis added).

Defendant's concern that he will have to defend himself in this suit, like any other litigant, simply does not confer adequate standing for declaratory relief. *Cf. Bayer v.*, 861 F.3d at 868 (citing *Green v. Mansour*, 474 U.S. 64, 74, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)) ("[A] declaratory judgment merely adjudicating past

15

1  violations of federal law—as opposed to continuing or future violations of federal

2  law—is not an appropriate exercise of federal jurisdiction.").  Otherwise, any

3  defendant, counter-defendant, cross-defendant, or any party involved in a

4  litigation that has incurred *some* expense could resort to the Declaratory Judgment

5  Act, needlessly and unreasonably protracting litigation.  *See* 18 U.S.C. § 1927;

6  Fed. R. Civ. P. 11(b)(1).  Creating a reflexive and universal counterclaim through

7  the Declaratory Judgment Act would also extinguish Plaintiff's "absolute right" to

8  voluntarily dismiss a claim prior to Defendant's filing of an answer or motion for

9  summary judgment.  *See Am. Soccer Co.*, 187 F.3d at 1110; *see also Commercial*

10 *Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (citation

11 omitted) ("The effect [of a voluntary dismissal of a complaint] is to 'leave[ ] the

12 parties as though no action had been brought.'").  Since the costs of defending a

13 claim do not create an independent injury-in-fact, Defendant does not have

14 standing to base his counterclaim on this theory.

15        Secondly, Defendant's baseless "apprehension" that he *may* "becom[e] the

16 target of another lawsuit" from Strike 3 is even less tenable.  Dkt. No. 28, at ¶ 26.

17 "[A] court cannot grant declaratory relief if the dispute between the parties is

18 hypothetical or the rights at issue are merely speculative," *James River Ins. Co. v.*

19 *Glaeser Builders*, No. CV 15-01886 (SJO)(AS), 2015 WL 12830393, at *1 (C.D.

20 Cal. Dec. 28, 2015) (citation omitted), because there is a case or controversy "only

21 when 'the challenged . . . activity . . . is not contingent . . . and, by its continuing

22 and brooding presence, casts what may well be a substantial adverse effect on the

23 interests of the . . . parties.'"  *Bayer*, 861 F.3d at 867 (citations omitted); *see also*

24 *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S. Ct. 956, 959, 22 L. Ed. 2d 113

25 (1969) (citation omitted) ("The federal courts established pursuant to Article III of

26 the Constitution do not render advisory opinions.") (brackets omitted).

27

28

Memorandum of Points and Authorities in Support of Motion to Dismiss Counterclaim

Here, Defendant's claim for fear of a future lawsuit does not even rise to the speculative level because Plaintiff is currently suing him.  There is absolutely no reason to believe Defendant will be sued again when the claims are currently being adjudicated.  *See e.g.*, *Premium Denim, LLC v. Hamilton*, No. CV 10-4929 (PSG)(JEMx), 2011 WL 13217219, at *6 (C.D. Cal. Nov. 28, 2011) (holding that the mere prospect of a future harm lacks the "sufficient immediacy to support jurisdiction under the [D]eclaratory [R]elief [A]ct").  Defendant alleges nothing to indicate even the possibility of a future action, why this hypothetical future action would involve the same or different copyrights at issue here, let alone a plausible chain of events wherein this litigation will be the proximate cause of a future action.  *See Mendia v. Garcia*, 768 F.3d 1009, 1013 (9th Cir. 2014) (citation omitted) (holding courts look to the "plausibility of the links that comprise the chain" of events when determining causation for standing).  Accordingly, Defendant has not, and cannot, allege enough facts to present an independent basis for standing to assert declaratory relief, which divests this Court of jurisdiction to consider that counterclaim.

## V.   CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests the Court dismiss Defendant's counterclaim for declaratory judgment of non-infringement.

Dated: November 7, 2019

Respectfully submitted,

By: _____

Lincoln Bandlow, Esq.
**Law Offices of Lincoln Bandlow, PC**

*Attorney for Plaintiff*
Strike 3 Holdings, LLC

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: <u>*/s/ Marina Bandlow*__</u>

Memorandum of Points and Authorities in Support of Motion to Dismiss Counterclaim

Case No. 8:19-cv-00334-TJH-SP